Date signed November 10, 2008



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| LINDA CARLISTA DAVIS | * | Case No. | 08-16117DK |
| | * | Chapter | 13 |
| | * | | |
| | * | | |
| Debtor | * | | |

**MEMORANDUM OF OPINION**

On October 28, 2008, the court held a hearing to consider confirmation of the Amended Chapter 13 plan filed by Debtor on September 8, 2008.  At the conclusion of the hearing the court summarized its findings and conclusions and ruled that upon presentation of an appropriate Order, the Amended Chapter 13 Plan would be confirmed.  The Chapter 13 Trustee had filed an objection to confirmation in which the Trustee asserted that the treatment of the claims of three secured creditors described in paragraph 2.e.iii. of the proposed Amended Plan did not comply with requirements which the Trustee asserted were imposed by 11 U.S.C. § 1325(a)(5)(B).[1]  Debtor filed a response to the objection of the Trustee on this issue on October 25, 2008 to which the Trustee filed a reply two days later.  This Memorandum Opinion sets forth the findings and conclusions of the court as to the issues raised by the Trustee's objection and the Debtor's response concerning the

---

[1] Hereinafter references to Title 11 of the United States Code shall be referred simply by the word "Section."

treatment of the three secured claims described in the identified paragraph of the Amended Plan.

With the petition commencing this case, Debtor filed Schedule A listing real property known as 819 North Aisquith Street, Baltimore, Maryland 21202 having a value of $91,000.00. Schedule D filed by Debtor lists creditor, Countrywide Home Loans, as having a deed of trust interest in that property securing a debt in the amount of $51,864.00. Schedule A also lists three judgment liens held against the subject property by HK Insurance Services, Inc., Ashland Park Mews II Condominium, and BGE. The three listed judgment lienors are hereinafter referred to as the "Judgment Creditors."

The provision in the Amended Plan for the secured claims of the Judgment Creditors is as follows:

> iii. The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:
>
> | Claimant | Amount | %Rate | Monthly Payment | No. of Mos. |
> |---|---|---|---|---|
> | **Ashland Park Mews II Condominium** | 6,005.33 | 0.00% | 158.03 | 38 |
> | **BGE** | 1,729.00 | 0.00% | 45.50 | 38 |
> | **HK Insurance Services, Inc.** | 7,407.97 | 0.00% | 194.95 | 38 |

Debtor's Amended Plan, filed 9/8/08 (emphasis in original). The proposed Amended Plan was served upon all of the creditors appearing on the matrix of the case. This included all three of the Judgment Creditors. No objection by any Judgment Creditor to the proposed treatment of the secured claims has been filed.

However, the Chapter 13 Trustee filed an objection to confirmation asserting therein that the proposed treatment of the Judgment Creditors' claims failed to satisfy a required element of the Bankruptcy Code set forth in Section 1325(a)(5)(B). Section 1325(a)(5) reads as follows:

> (a) Except as provided in subsection (b), the court shall confirm a plan if–
> . . .
>     (5) with respect to each allowed secured claim provided for by the plan--
>         (A) the holder of such claim has accepted the plan;
>         (B)(i) the plan provides that--
>             (I) the holder of such claim retain the lien securing such claim

2

>>until the earlier of–
>>>(aa) the payment of the underlying debt determined under nonbankruptcy law; or
>>>(bb) discharge under section 1328; and
>>(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>(iii) if–
>>(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
>>(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>(C) the debtor surrenders the property securing such claim to such holder.

11 U.S.C. § 1325(a)(5). The Trustee argues that Section 1325(a)(5)(B)(ii) is a requirement that is not met by the proposed plan because the proposed treatment of the judgment claims is to pay the amount of such claims with equal monthly installments but at a zero rate of interest. As a result, the payment over time of the claims will not be equal in present value, as of the effective date of the plan, to the allowed amount of these claims.

In response Debtor does not dispute the Trustee's conclusion that the proposed treatment of the judgment claims will not provide the value, as of the effective date of the plan, equal to the allowed amount of the claims. That is, without payment of a discount rate or interest, the delayed payoff of these claims has a present value less than the face amount. Instead, Debtor makes four arguments in attempting to defeat the Trustee's objection. The first assertion by Debtor is that the Trustee does not have standing to make the objection as to the treatment of the Judgment Creditors' claims, where the Judgment Creditors have not filed any such objection. The court disagrees. Section 1302(b)(2) states that the Trustee shall appear and be heard at any hearing that concerns

confirmation of a plan. This section provides to the Trustee statutory standing to raise any issue relevant to confirmation of a Chapter 13 plan. See e.g., Andrews v. Loheit (In re Andrews), 49 F.3d 1404, 1408 (9th Cir. 1995)("The trustee's requirement [in Section 1302(b)] to 'appear and be heard' at a confirmation hearing would be illusory if the trustee could not object when the plan fails to comply with 'the provisions of this chapter and with the other applicable provisions of this title.'").

      The Debtor's second argument is that none of the provisions of Section 1325(a) are mandatory requirements that must be satisfied before a plan can be confirmed. In making this objection Debtor calls attention to the distinction between the language of Section 1322(a) as opposed to Section 1325(a). The preamble in Section 1322(a) states: "The plan shall - . . . . " There follows four subparagraphs which describe mandatory provisions that must be in a plan. Section 1325(a) begins: "Except as provided in subsection(b), the court shall confirm a plan if - . . . ." There follows nine enumerated paragraphs plus a "hanging paragraph" thereafter.[2]

      From this difference in language, Debtor argues that a court *must* confirm a plan if it complies with Section 1322(a) and all of the applicable provisions of Section 1325(a). However, Debtor argues that a plan which complies with all of the portions of Section 1322(a) *can* be confirmed even if one or more provisions of Section 1325(a) is not satisfied.

      The courts have differed as to this question.[3] Because of the court's ruling upon the remaining issues raised by this dispute, the court does not reach this question of legal interpretation. The court does note that it might be surprising that the court has the power as argued by Debtor, to

---

[2] The "hanging paragraph" is not enumerated nor indented as the other subparagraphs of this part of Section 1325(a). It was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and its unusual arrangement has led it to be informally referred to as the "hanging paragraph."

[3] See Colliers on Bankruptcy ¶1325.01 at 1325-8, fn 9 (comparing In re Chappell, 984 F.2d 775 (7th Cir. 1993); In re Szostek, 886 F.2d 1405 (3d Cir. 1989); In re Brady, 86 B.R. 166, 169 (Bankr. D. Minn. 1988) with Barnes v. Barnes (In re Barnes), 32 F.3d 405 (9th Cir. 1994).

4

confirm a plan that does not comply with Section 1325(a)(2) requiring fees to have been paid, or (3) requiring that a plan be proposed in good faith and not be means forbidden by law.  Certainly nothing appears in the arrangement of Section 1325(a) that would differentiate between the requirements enunciated in subparagraph (5) as opposed to the other subparagraphs including subparagraphs (2) and (3).

The third argument raised by Debtor is that the Judgment Creditors by their failure to object are deemed to have "accepted" the plan and thus Section 1325(a)(5)(A) is satisfied.  If this section is satisfied, Section 1325(a)(5)(B) does not apply and the failure by the plan to conform to subsection (B) is not an impediment to confirmation.  A number of courts have opined that in Chapter 13, unlike Chapter 11, the failure by a secured creditor to object to confirmation of the plan which provides for the claim of such creditor, constitutes an acceptance by the creditor of the plan.[4]  Under the specific facts of this case, this court agrees with that holding.  However, the court finds that this doctrine can be applied only after strictly reviewing whether constitutionally mandated notice of the proposed treatment has been afforded to the effected creditor as required by due process.  The United States Court of Appeals for the Fourth Circuit discussed due process in the context of a chapter 13 plans' Section 506(a) valuation in Piedmont Trust Bank v. Linkous (In re Linkous), 990 F.2d 160 (1993).  There the court wrote: "In order to satisfy due process requirements, 'the notice [of the proceedings] must be of such nature as reasonably to convey the required information. . . .' Id. at 162 (citing Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).

In order to satisfy the requisite due process requirement, the information received by the

---

[4] See In re Jones, 530 F.3d 1284 (10th Cir. 2008); Andrews, 49 F.3d at 1409; In re Szostek, 886 F.2d at 1406; In re Montoya, 341 B.R. 41 (Bankr. D. Utah 2006); In re Brown, 108 B.R.738, 740 (Bankr. C.D.Cal. 1989).

creditor must openly and notoriously inform the creditor of the proposed treatment of their claim and that the court will determine this issue at the confirmation hearing.  In Linkous, the Court of Appeals held that the creditor must be notified of the hearing and the fact that a valuation of its claim would be made at that hearing.  The court wrote: "Therefore, in order 'reasonably to convey the required information,' Linkous' notice to creditors must state that such a hearing will be held."  Id. at 163.  In addition, the court must examine whether adequate delivery of a properly formulated notification has been provided to the creditor.

In this case, as quoted above, the language of the proposed Amended Plan concerning treatment of the judgment claims is clearly, openly and emphatically stated.  Each creditor is named along with the amount of the claim to be paid, the equal monthly installment for such payment, the duration of those monthly installments and the specific interest rate proposed by Debtor to be paid upon the claim.  In this case the interest is affirmatively stated as **"0.00%."**  This proposed treatment is not "buried" in a lengthy paragraph nor otherwise difficult to discern.  In addition, in an obvious attempt to insure the notoriety of this notice, the language is printed in bold print, as opposed to the language of the form plan within which it is contained.  From these facts the court concludes that the content of the Amended Plan openly and notoriously provides notice of the proposed treatment of the claims.  The Amended Plan was filed to be considered at a confirmation hearing and thus the Judgment Creditors were also on notice that the treatment of their claims would be decided as a part of the confirmation decision.

Finally, the court has examined the certificate of service of the Amended Plan and finds that it specifically certifies that the proposed Amended Plan was mailed to each of the Judgment Creditors at their scheduled address, which addresses upon further review, appear to have provided

6

effective delivery of the information to the creditor sufficient to satisfy due process.[5]

As recited above, subparagraphs (A) (B) and (C) of Section 1325(a)(5) are in the disjunctive. The word "or" follows a semicolon at the end of sub-sub paragraph (B). In other words, the requirement is that A, or B, or C be satisfied. See Andrews, 49 F.3d at 1409 and cases cited therein. Having found that these Judgment Creditors accepted the proposed treatment of their claims as provided for in the Amended Plan, the Trustee's objection under Section 1325(a)(5)(B) must fall by the wayside as that section becomes unnecessary as a requirement to confirmation. In conclusion, the court finds that the Trustee's objection under Section 1325(a)(5)(B) therefore must be denied.

cc:    Debtor
       Debtor's Counsel
       Chapter 13 Trustee
       U.S. Trustee

       Baltimore Gas & Electric
       c/o Rashad Dickerson, Esq.
       702 King Farm Blvd.
       Rockville, MD 20850-5775

       Ashland Park Mews II Condominum
       c/o Nagle and Zaller
       7226 Lee Deforest Drive #102
       Columbia, MD 21046

       HK Insurance Services, Inc.
       T/A Fred W. Frank Bail Bondsman
       Baltimore, MD 21202

**End of Order**

---

[5] The Trustee does not dispute that the Judgment Creditors received sufficient notice of the proposed treatment of their claims and the fact that the court would determine such treatment as a part of the confirmation hearing.